Lawrence Spasojevich, Esq. (LS 0945)
*Attorney for Plaintiff*
9224 Queens Boulevard #740010
Rego Park, New York 11374
Email: ls@spasojevichlaw.com
Telephone: (914) 487-3592

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANGELIQUE INGRAM-LUNA,

            CASE NO. 2:23-cv-228

    Plaintiff,     **COMPLAINT**

-against-

ALL CALL LLC and
KRISTINA EDWARDS HAYDEL,

            ECF Case,

    Defendant(s).

---

Plaintiff, ANGELIQUE INGRAM-LUNA, on behalf of Plaintiff, by and through the undersigned attorneys, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant(s), ALL CALL LLC and KRISTINA EDWARDS HAYDEL (collectively "Defendant(s)") and states as follows:

Pg. 1

## INTRODUCTION

1. Plaintiff alleges that, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendant(s): (1) unpaid wages at the overtime wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that under the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendant(s): (1) unpaid wages at the overtime wage rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367.

4. Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, ANGELIQUE INGRAM-LUNA, is an adult resident of Suffolk County, New York.

6. Upon information and belief, Defendant, ALL CALL LLC, is a foreign business corporation, organized and existing under the laws of the State of Lousiana, with a place of business located at 122 Mathews Road, Clayton, Louisiana.

7. Upon information and belief, Defendant, KRISTINA EDWARDS HAYDEL, is an owner, officer, director and/or managing agent of Defendant, ALL CALL LLC, who participated

in the day-to-day operations of Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the Regulations, and is jointly and severally liable with Defendant, ALL CALL LLC.

8. At all relevant times, Defendant, ALL CALL LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant(s).

10. At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

11. Plaintiff was employed by Defendant(s) from in or about August 20, 2021 to January 2, 2022.

12. During the course of its' employment, Plaintiff worked a schedule two (2) to four (4) days a week, 8:00 a.m. to 8:00 a.m. the following day; or an average of seventy-two (72) hours and was compensated on a daily rate dependent on its assignment.

13. By way of example, Plaintiff was compensated $575.00 for work performed on December 20, 2022, $1575.00 for work performed on December 22, 2022, and $450.00 for work performed on December 23, 2022, while working seventy-two (72) hours per week.

14. Plaintiff was not compensated the overtime rate for all work performed over forty (40) hours in a work week.

15. Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

16. Defendant, KRISTINA EDWARDS HAYDEL, is an individual who, upon information and belief, owns the stock of ALL CALL LLC, owns ALL CALL LLC, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

17. Defendant, KRISTINA EDWARDS HAYDEL, exercised control over the terms and conditions of Plaintiff's employment, in that KRISTINA EDWARDS HAYDEL has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

18. Plaintiff was not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

19. Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked over forty (40) hours in a workweek at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

20. At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendant(s) failed to maintain accurate and sufficient time records.

21. Defendant(s) did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

22. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a workweek.

23. Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

24. Plaintiff has been substantially damaged by the Defendant(s)' wrongful conduct.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

25. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "24" of this Complaint as if fully set forth herein.

26. At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

27. At all relevant times, Defendant(s) employed Plaintiff within the meaning of the FLSA.

28. Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

29. Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

30. Defendant(s) failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

31. At all relevant times, Defendant(s) had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime

wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

32. Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate when Defendant(s) knew or should have known such was due and that non-payment of an overtime rate would financially injure Plaintiff.

33. Defendant(s) have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

34. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant(s). Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

35. Defendant(s) failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

36. As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

37. Due to the intentional, willful and unlawful acts of the Defendant(s), Plaintiff suffered damages in and entitled to an award of, an amount not presently ascertainable of unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest.

38. Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

39.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "38" of this Complaint as if fully set forth herein.

40.     The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff.

41.     Defendant(s), pursuant to policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in a workweek.

42.     By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in a workweek at the overtime wage rate, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

43.     The preceding conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

44.     Therefore, Defendant(s) knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation for all hours worked over forty (40) hours in a workweek at the overtime wage rate.

45.     Due to the Defendant(s)' NYLL violations, Plaintiff is entitled to recover from Defendant(s) unpaid wages at the unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

46.     Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3
### [Failure to provide a Wage Notice]

47.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

49. Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

50. Through the knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

51. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

### COUNT 4
### [Failure to provide Wage Statements]

52. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53. Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

54. Through knowingly or intentionally failing to provide the Plaintiff with a precise wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

55. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s)

failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a)　　An award of unpaid wages at the overtime wage rate due under the FLSA;

(b)　　An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c)　　An award of unpaid wages at the overtime wage rate under the NYLL;

(d)　　An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e)　　An award of prejudgment and post-judgment interest;

(f)　　An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)　　Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
　　　　January 10, 2023

　　　　　　　　　　　　　　　　　　　　Respectfully submitted


　　　　　　　　　　　　　　　　　　　　By: *Lawrence Spasojevich*
　　　　　　　　　　　　　　　　　　　　　　　Lawrence Spasojevich (LS 0945)